FILED
**Nov 30, 2023**
**01:26 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dexter Powell ) | Docket No. 2022-08-0309 |
| ) | |
| v. ) | State File No. 54894-2021 |
| ) | |
| United Parcel Service, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Thomas L. Wyatt, Judge ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee disputes the trial court's denial of his request for reimbursement of unauthorized medical expenses and payment of temporary disability benefits. The employee reported an injury to his back and abdomen while stacking generators at work, and the employer provided a panel of physicians and medical treatment. Meanwhile, the employee also received unauthorized treatment with two other providers and underwent hernia surgery without advising the employer. Subsequently, he sought workers' compensation benefits, including past medical expenses and temporary disability benefits. During discovery, the employee did not provide the names of his unauthorized providers in his written interrogatory responses or produce medical records in response to requests for production of documents. At an expedited hearing, the employer objected to the introduction of any medical records or medical bills. The court sustained the objection and determined the employee had not presented sufficient evidence that he was likely to prevail at trial in proving his entitlement to past medical expenses or temporary disability benefits. However, the trial court found the employee was entitled to ongoing authorized medical treatment for injuries causally related to the reported work accident. The employee has appealed. Upon careful consideration of the record, we affirm the court's decision, find the employee's appeal to be frivolous, and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Dexter Powell, Germantown, Tennessee, employee-appellant, pro se

Kyle I. Cannon, Memphis, Tennessee, for the employer-appellee, United Parcel Service

**Memorandum Opinion[1]**

On July 14, 2021, Dexter Powell ("Employee") was working for United Parcel Service ("Employer") as a material handler when he reported pain in his lower back and abdomen from lifting. Employer provided a panel of physicians, and Employee selected Concentra Medical Center. He began treatment on the date of his accident with Dr. John Goodfred, who noted "suspicion of a ventral hernia in the abdomen" based on Employee's subjective complaints, as well as a low back strain. Dr. Goodfred prescribed physical therapy and recommended certain work restrictions. Employee returned to Dr. Goodfred the following week with complaints of back pain that radiated to the lower extremity. He then returned a final time, on July 28, at which time Dr. Goodfred referred Employee to an orthopedic surgeon for his back. Although he continued to note the potential hernia in the record, Dr. Goodfred did not make a referral for any abdominal treatment at that appointment. Thereafter, Employer provided Employee a panel of orthopedic surgeons, and Employee selected Dr. Robert Pickering, who provided authorized treatment for Employee's back complaints.[2]

Meanwhile, on July 26, Employee sought unauthorized treatment with Dr. Albert Laughlin, a general surgeon, regarding his abdominal complaints. He had also previously seen his primary care physician regarding these complaints. Employee did not inform Dr. Laughlin of his treatment with Dr. Goodfred and did not inform Dr. Goodfred of his treatment with Dr. Laughlin. Dr. Laughlin ultimately performed surgery to repair an umbilical hernia on August 24, 2021, and he restricted Employee from working until October 5, 2021.

Employee filed a petition for benefits on March 18, 2022, seeking reimbursement of past medical expenses and temporary disability benefits. Employer propounded interrogatories and requests for production of documents. The interrogatories specifically asked Employee to identify any expert witnesses, to which Employee responded "non-applicable." Employee did not respond to the requests for production of documents.

At the expedited hearing on September 6, 2023, Employee attempted to introduce medical records and medical bills from his treatment with Dr. Laughlin. Employer objected on the grounds that Employee had failed to properly identify any witnesses before the hearing and that the medical bills were hearsay. In its order of September 14, 2023, the trial court sustained Employer's objections and found that Employee had not provided sufficient evidence that his unauthorized treatment was reasonable, necessary, or causally

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] The nature and extent of the treatment provided by Dr. Pickering are not at issue in this appeal.

connected to the work injury. However, the court determined that Employee had timely reported the work accident, had received authorized treatment, and was therefore entitled to return to his authorized providers for any medically-necessary treatment related to the work accident. Employee has appealed.

In his notice of appeal, Employee states that he is "appealing the ruling denying me of medical and temporary benefits from injuries sustained on [July 14, 2021]." Employee did not file a brief, a transcript of the hearing, or a statement of the evidence. For its part, Employer asked that this appeal be deemed frivolous.

Without a transcript or statement of the evidence, we presume that the evidence presented at the hearing supported the factual findings of the trial court. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Furthermore, by failing to file a brief, Employee has presented us with no legal argument to explain how he believes the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Were we to search the record for possible errors, we would be acting as Employee's counsel, which the law clearly prohibits. Appellate tribunals will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

3

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). Thus, in light of Employee's failure to present us with any argument in support of his position on appeal, we cannot conclude that the evidence preponderates against the decision of the trial court.

Finally, we agree with Employer that Employee's appeal is frivolous. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). Here, Employee submitted no transcript or statement of the evidence, and he further failed to file a brief offering any argument as to how the trial court purportedly erred in its order. Furthermore, the trial court ordered Employer to continue to provide Employee any authorized medical treatment that is reasonable, necessary, and causally related to the work injury. Although we conclude this appeal is frivolous, we exercise our discretion not to award fees or costs. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2020).

For the foregoing reasons, we affirm the order of the trial court. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dexter Powell | ) | Docket No. 2022-08-0309 |
| | ) | |
| v. | ) | State File No. 54894-2021 |
| | ) | |
| United Parcel Service, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of November, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Dexter Powell | | | | X | dexterpowell369@gmail.com dexterpowell550@gmail.com |
| Kyle Cannon | | | | X | kcannon@gwtclaw.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov